**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bleiberg Entertainment, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>John and Jane Doe 1 or Black and White Company 1 with IP address: aka Computer, IP Address No. 65.101.60.191, et al.,<br><br>Defendants. | No. CV-13-00595-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff Bleiberg Entertainment, LLC's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference. (Doc. 7.)

The issue of the election of damages raises serious questions about the appropriateness of permissive joinder. At the hearing held on May 31, 2013, Plaintiff's counsel indicated that Plaintiff may seek separate damage awards against each Defendant individually. Plaintiff may not pursue actual damages against some Defendants and statutory damages against other Defendants while maintaining all Defendants as parties to the same suit. 17 U.S.C. § 504's provision allowing the copyright owner to choose between actual and statutory damages applies the owner's choice to "all infringements involved in the action." If Plaintiff wishes to make separate elections, then it must bring separate lawsuits, or at the least, separate claims in which it does not pursue its current theory of joint and several liability. *Columbia Pictures Television v. Krypton Broad. of*

*Birmingham, Inc.*, 106 F.3d 284, 294 (9th Cir. 1997) *rev'd on other grounds sub nom. Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998) (holding that when statutory damages are assessed against a group of defendants held to be jointly and severally liable, "each work infringed may form the basis of only one award, regardless of the number of separate infringements of that work"). If Plaintiff does not wish to proceed on a theory of joint and several liability, then the rationale for allowing permissive joinder in this case is seriously undermined.

Therefore, before allowing expedited discovery and this case to proceed on the numerous Doe Defendants named in the Complaint, the Court desires to understand Plaintiff's position with respect to whether it claims the right to pursue statutory damages against some of the named Defendants and actual damages as to others, and if so, on what bases.

Further, the Court has drafted a Notice, attached to this Order, that Plaintiff shall provide to the ISPs to serve upon the listed subscribers, along with the Complaint and the Court's Order to issue after the hearing. If Plaintiff objects to the issuance of the Notice to subscribers or any language therein, it may bring such objections at the hearing to the Court's attention.

**IT IS THEREFORE ORDERED** that Plaintiff's counsel shall appear at a hearing, with these issues in mind, on Friday, **June 14, 2013 at 1:30 p.m.** in Courtroom 602 at the Sandra Day O'Connor U.S. Courthouse in Phoenix, Arizona, to resolve the issue of expedited discovery in this matter.

Dated this 5th day of June, 2013.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge

**COURT–DIRECTED NOTICE REGARDING ISSUANCE OF SUBPOENA**

**A subpoena has been issued directing your Internet Service Provider ("ISP") to disclose your name.** The subpoena has been issued because you have been sued in the United States District Court for the District of Arizona, in Phoenix, Arizona as a "John Doe" by Plaintiff Bleiberg Entertainment, LLC. This is a civil, not a criminal, case. Plaintiff alleges that a computer with your internet protocol ("IP") address was involved in a BitTorrent swarm in which that computer downloaded an unauthorized copy of the movie Episode 50, a horror/mystery film to which Plaintiff holds the copyright. Plaintiff has thus far only been able to identify you as a "John Doe" and has served a subpoena on your ISP to learn your identity. This notice is intended to inform you of some of your rights and options.

Plaintiff alleges, but has not yet proved, that you are liable for infringing the copyright of its movie. It alleges that you infringed its copyright because you are the owner of the IP address that participated in the BitTorrent swarm which resulted in the infringement of the movie. Plaintiff also alleges that you may be jointly and severally liable for the infringements of others with whom you conspired to infringe the copyright of its movie by participating in the same BitTorrent swarm.

**YOUR NAME HAS NOT YET BEEN DISCLOSED. YOUR NAME WILL BE DISCLOSED IN 21 DAYS IF YOU DO NOT CHALLENGE THE SUBPOENA.**

Your name has not yet been disclosed. Plaintiff has given the Court enough information about your alleged infringement to obtain a subpoena to identify you as the owner of the IP address of a computer that participated in the BitTorrent swarm, but the Court has not yet decided either that you personally participated in the swarm or that you are liable for infringement. You can challenge in Court the subpoena that requests your identity. You have **21 days** from the date that you receive this notice to file a motion to quash or vacate the subpoena. If you file a motion to quash the subpoena, your identity will not be disclosed until the motion is resolved (and Plaintiff cannot proceed against you until you are identified).

If you, or an attorney representing you, do not file a motion to quash by the end of the 21-day period, your ISP will send Plaintiff your identification information. Plaintiff may contact you, but may *not* release your name to the public or a third party without a Court Order.

**OTHER ISSUES REGARDING THE LAWSUIT AGAINST YOU**

**Challenging the subpoena:** To maintain a lawsuit against you in the District of Arizona, Plaintiff must establish jurisdiction over you in Arizona. If you do not live or work in Arizona, or visit the state regularly, you may be able to challenge the Arizona court's jurisdiction over you. If your challenge is successful, the case in Arizona will be dismissed, but Plaintiff may be able to file against you in another state where there is jurisdiction. Additionally, you can challenge "joinder," the fact that Plaintiff has sued 47 Defendants together, because Plaintiff must establish

that the alleged violations arose out of the same transaction, occurrence, or series of transactions and occurrences.

**Plaintiff must prove its claims against you:** Plaintiff has informed the Court that it seeks to discover your name to pursue its rights under the copyright laws. It is, therefore, possible that Plaintiff will assert that it has claims against you, or against someone who used your computer, in downloading its copyrighted movie. But, before getting damages from you in Court, Plaintiff would have to prove all of its claims against you personally. For example, a jury may determine that even though you are the owner of the IP address that participated in the BitTorrent swarm, you were not personally involved in the swarm. In such a case Plaintiff would not be able to get damages from you.

**Settlement:** It is also possible that Plaintiff will contact you to discuss the possibility of settling any claims it may have against you before adding you as a party to this lawsuit. Plaintiff has the right to propose such a settlement. The decision whether to participate in such discussions is entirely up to you.

**Damages:** If Plaintiff proves its case against you at trial, copyright law requires Plaintiff to elect between receiving either what are called (1) statutory damages or (2) actual damages against you. The statute requires Plaintiff to choose either actual or statutory damages for all persons in the same suit; in other words, Plaintiff may not choose to pursue one form of damages against you while pursuing another form of damages against another Defendant in the same suit.

**If Plaintiff elects statutory damages**, the Court may, in its discretion, award as little as $750 as total damages against all participants in a conspiracy to infringe a copyrighted movie, or as much as $30,000 for such infringement. That means, if Plaintiff proves its case against you, and if it elects statutory damages, the Court may hold you, and all other individuals that participated in the conspiracy with you together, liable to the Plaintiff for a total of as little as $750 and as much as $30,000 for all of the infringements that occurred as a result of the BitTorrent swarm in which your IP address allegedly participated. Plaintiff would only be entitled to recover the total amount awarded one time. It could recover some amount of the total award from among all participants, or it could recover the total amount from any single participant, who could then try to obtain contributions from other participants in the conspiracy.

In deciding the amount between $750 and $30,000 of statutory damages to award, the Court would consider, as one factor, that Plaintiff monitored the BitTorrent network to ascertain and bring claims against numerous users. The damages awarded may be limited to the extent that a considerable portion of the value of the copyright to Plaintiff comes from its strategic attempts to recover for copyright infringement. The Court, however, would also consider other evidence related to the extent and infringement of the copyright resulting from any infringing session.

**If, on the other hand, Plaintiff elects to recover actual damages**, the damages that it may recover are not limited to the amount between $750 and $30,000. It may recover either more or

less than that amount. Actual damages are usually measured by the loss Plaintiff suffered in the fair market value of its copyright due to the infringement. This is generally measured by what a willing buyer would have reasonably paid a willing seller for the movie or the value or profits that you or others with whom you conspired gained by using the movie. *Jarvis v. K2 Inc.*, 486 F.3d 526, 533–34 (9th Cir. 2007); *Wall Data Inc. v. Los Angeles Cnty. Sheriff's Dep't*, 447 F.3d 769, 786 (9th Cir. 2006). If Plaintiff successfully proves that you were involved in a civil conspiracy, it may also be able to recover against you not only the fair market value of its loss for your infringement of its movie and/or the profits you gained by using it, but the value or profits that others in your conspiracy gained by using the movie. You may wish to find your own lawyer (see resource list below) to help you evaluate whether it is in your interest to try to reach a settlement or to defend against the lawsuit.

**RESOURCE LIST AND REPRESENTATION**

This Resource List can assist you in locating an attorney, and lists other resources to help you determine how to respond to the subpoena. If you live in or near Arizona or Phoenix, the second listing below provide referrals for local attorneys. The third listing contains important information, such as the Local Rules, Contact Information and answers to Frequently Asked Questions.

You also have the right to represent yourself in federal court if you wish to do so. Should you choose to do so you will be responsible for following the Federal Rules of Civil Procedure, and the local rules of Civil Procedure, both of which can be found on the Court's website (http://www.azd.uscourts.gov/).

American Bar Association

http://www.abanet/org/legalservices/findlegalhelp/home.htm

Arizona Bar Association

http://www.azbar.org

The District of Arizona

www.azd.uscourts.gov/